# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **YANCEY LAMARR WHITE,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 07-485-GPM** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 95-30112-GPM** |
| **UNITED STATES OF AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Yancey Lamarr White is depressed over his current incarceration. Before the Court, in the form of a motion under 28 U.S.C. § 2255, is a request for the Court to relieve his depression – not with medication or therapy, but with a shorter sentence. This therapy is not authorized by law and is denied.

### BACKGROUND

In 1996, White was convicted on three counts involving distribution of cocaine base, in violation of 21 U.S.C. § 841. He was sentenced to 120 months imprisonment, followed by eight years of supervised release. His term of supervised release began on April 1, 2005, but it was short-lived: on May 20, 2005, he was arrested by state authorities for assault and battery. This incident also constituted a violation of the terms of his supervised release; the United States Probation Office placed a custody hold against him, pending resolution of the state charges. White completed his 13-month state sentence on June 22, 2006, whereupon he was taken into federal custody. This Court held a hearing on July 24, 2006, at which time White was sentenced to 46 months imprisonment on

the supervised release violation. White later filed a motion for sentence reduction, which was denied, and then he filed the instant motion containing three distinct grounds for relief.

## GROUND 1

White's first argument is that he is unhappy with the way his latest incarceration came to be. He says that before he was sentenced, he asked counsel to file a motion for leniency. Counsel refused to file White's self-prepared motion and would not let him testify, thus depriving him of the opportunity to implore the Court personally for a reduction in sentence.

His stated grounds for leniency are numerous. He first argues that the shooting (the incident leading to revocation of his supervised release) occurred only due to his extreme duress at the time, not because he is a "cold-blooded drive-by shooter." His duress was due to his mother's terminal illness, a newborn son he had yet to see, and the prospect of being returned to prison after the Seventh Circuit Court of Appeals reversed a favorable ruling that had awarded him additional good conduct credit.[1]

White concedes that counsel raised some of these arguments at sentencing. However, he believes that the Court would have given more credence to these arguments if counsel had given him the opportunity to speak for himself. But as is always the case, White had an opportunity to speak for himself and he did. He explained to the Court that one of the people in question was his then-pregnant girlfriend, and that he had notified his probation officer of the relationship. At no time did he mention his mother's illness, his desire to see his son, or any despondence over the Court of Appeals' decision. Therefore, it can hardly be said that counsel was ineffective in not having him testify, when the Court gave him exactly the opportunity that he claims he did not have.

---

[1] *See White v. Scibana*, 390 F.3d 997 (7th Cir. 2004), *cert. denied*, 125 S. Ct. 2921 (2005).

In short, White's first ground for relief is baseless.

## GROUND 2

White next alleges exigent circumstances as a basis for shortening his sentence. He states that his mother died in April 2007 and his siblings were unable to maintain the mortgage payments on her house. He argues that he needs to be released so that he may take steps to keep the house.

In the first place, such a situation does not warrant a shortened sentence. Furthermore, the Court takes judicial notice of a case White filed earlier this year. In that case, White sought damages against the mortgage holder and another individual who had taken possession of the house in exchange for assumption of the mortgage. *See White v. Wells Fargo*, Case No. 08-cv-221-MJR (S.D. Ill., filed March 21, 2008). The house is history.

## GROUND 3

White's final argument for a reduced sentence is that the Court should allow him credit for 13 months he served in state custody for the assault and battery conviction. But he is not entitled for time in custody that already has "been credited against another sentence." 18 U.S.C. § 3585(b); *see Grigsby v. Bledsoe*, 223 Fed. Appx. 486 (7th Cir. 2007); *see also United States v. Rivers*, 329 F.3d 119, 121 (2$^d$ Cir. 2003).

## OTHER MATTERS

Finally, he argues that he is entitled to an evidentiary hearing on this matter. However, none of his claims is even arguably valid, so this request also is denied.

## CONCLUSION

As discussed above, none of the grounds presented by White entitles him to relief under Section 2255 of Title 28. Accordingly, the Motion to Vacate, Set Aside or Correct Sentence is

**DENIED**, and this action is **DISMISSED** with prejudice.

    **IT IS SO ORDERED.**

    DATED: 07/21/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge
